# No. A-CV-34-86

# Supreme Court of the Navajo Nation

The Navajo Housing Authority, *Defendant-Appellant,*
vs.
Howard Dana and Associates, *Plaintiff-Appellee.*
Decided July 3, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Genevieve K. Chato, Esq., Fort Defiance, Arizona for the Appellant;
Albert Hale, Esq., Window Rock, Arizona for the Appellee.*

*Opinion delivered by Tso, Chief Justice.*

This case is an appeal from the Window Rock District Court's November 24, 1986 Opinion and Order. The district court denied the Defendant Navajo Housing Authority's (NHA) Motion to Quash Writ of Execution, Motion for Stay of Execution, and dismissed the Petition for Writ of Prohibition against further issuance and service of writs of executions. NHA is seeking to prevent the enforcement of a May 2, 1978 judgment awarded to Plaintiff Howard Dana and Associates (Dana) by the Window Rock District Court.

On May 2, 1978, Dana recovered a judgment for $104,864.14 plus court cost of $25.00 for two contract causes of action against NHA. The Window Rock District Court found that Dana had entered into three separate contracts with the NHA: a 1970 contract for architectural services; a 1971 contract for architectural services; and a 1972 contract for inspection services. The district court awarded Dana $13,622.00 under the 1970 contract; found that Dana had been fully paid under the 1971 contract; and found that the 1972 contract was valid, despite lack of HUD approval, and awarded Dana $91, 242.14 as a detrimental reliance interest. Dana was awarded a total of $104,864.14. The Court of Appeals affirmed the judgment on November 27, 1978, but held that the 1972 contract was not a valid contract, because of lack of HUD approval. *Dana v. Navajo Housing Authority,* 1 Nav. R. 327 (1978).

NHA filed an appeal with the Supreme Judicial Council on December 27, 1978 and obtained a stay of execution on December 28, 1978. The Supreme Judicial Council affirmed the judgment and vacated the stay on August 13, 1979. Dana requested a writ of execution on June 17, 1980, which was denied on April 22, 1982. Dana then sought to enforce the judgment by a writ of execution obtained on September 21, 1982. The writ was served on NHA's account with the Great Western Bank, Window Rock, Arizona. The bank refused to release any funds until they conferred with their attorney. NHA filed a Motion to Quash the Writ of Execution and a Motion for Stay of Execution on October 21, 1982. NHA also filed a petition for a Writ of Prohibition against further issuance and services of writs of execution on October 28, 1982. There were several continuances in this matter, and on November 24, 1986, the Window Rock District Court denied all three motions and ordered that Dana be granted a writ of execution. NHA appealed the district court's ruling to the Supreme Court on December 30, 1986. A stay of execution was issued by the Supreme Court on March 3, 1987. On June 12, 1987, the parties reached an agreement on the 1970 contract. The issues on appeal to this Court concern only the 1972 contract.

NHA is not contesting the judgment amount or the finding of breach of contract, but raises the following issues as to Dana's ability to execute upon the judgment:

I. Whether execution on the judgment is barred under 7 N.T.C. §705 (1956).
II. Whether NHA's property and funds are immune from levy and execution under 6 N.T.C. §§616(b)(1) (1966) and 623 (1977).
III. Whether NHA waived its defense of immunity from levy and execution by failing to raise it in the district court.

7 N.T.C. §705 is a statute of limitations on the issuance of writs of execution to enforce money judgments. It provdes in part that:

"The party in whose favor a money judgment is given by the Courts of the Navajo Tribe may at any time within five years after entry thereof have a writ of execution issued for its enforcement."

At common law, when a debtor obtained a stay of execution the limitation period for enforcement of the judgment was tolled until the stay was terminated. *Wakefield v. Brown,* 38 Minn. 361, 37 N.W. 788 (1888). Arizona allows tolling of the statute of limitation on enforcement of judgments when a stay of execution is in effect. *North Star Development Corp. v. Wolfswinkel,* 146 Ariz. 406, 706 P. 2d 732 (App. 1985).

Statutes of limitation are enacted to bring legal controversies to a conclu-

sion after a definite time. Public policy does not favor judgments lingering indefinitely, and the debtor has a right to be free from execution on a stale judgment. However, where the creditor has not slept on his rights, but rather has been prevented from executing on the judgment by stays of execution, then justice requires tolling of the statute of limitations. The stay of execution is for the benefit of the debtor and he should not be allowed to take unfair advantage of it. We hold that the statute of limitations at 7 N.T.C. §705, is tolled during the periods that a stay of execution is in effect.

Our holding means that the writ of execution sought by Dana to enforce the judgment was not barred by 7 N.T.C. §705, as the time periods during which the stays of execution were in effect do not count toward the five years limitation period. However, a writ of execution cannot be used to levy and execute on certain property held by NHA, absent a waiver of immunity. This leads to the issue of whether NHA is immune from levy and execution under 6 N.T.C. §§616(b)(1) and 623. These statutes read as follows:

The Navajo Tribe gives its irrevocable consent to allowing the Authority to sue and be sued in its corporate name, upon any contract, claim or obligation arising out of its activities, the Authority to agree by contract to waive any immunity from suit which the Navajo Housing Authority might otherwise have. . . . 6 N.T.C. §616(b)(1). §616(b)(1).

All property, including funds acquired or held by the Authority pursuant to this subchapter, shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority be a charge or lien upon such property. 6 N.T.C. §623.

The Court believes that *Namekagon Development Co. v. Bois Forte Reservation Housing Authority,* 517 F. 2d 508 (8th Cir. 1975), is controlling on this issue. That case involved a suit against a tribal housing authority for breach of contract. The provisions of Sections 2(a) and 6 of the Reservation Housing Ordinance in that case are the same as provisions in 6 N.T.C. §§616(b)(1) and 623 in this case. Section 2(a) reads exactly the same as 6 N.T.C. §616(b)(1), except in place of "Navajo Tribe" it reads "Council." Section 6 and 6 N.T.C. §623 are identical, except the word "ordinance" appeared in place of the word "subchapter" in Section 6. *Namekagon* held that Section 2(a) (or 6 N.T.C. §616(b)(1) in this case) waived tribal immunity with respect to the right to be free from suit, and that the right to be free from judicial execution could be waived by a contract provision. *Id.*

6 N.T.C. §616(b)(1) is a waiver of the NHA's immunity with respect to the right to be free from suit, but 6 N.T.C. §623 places restrictions on that waiver, by exempting from levy and execution certain property and funds

held by NHA. Any conditional limitation placed on a Tribe's waiver of immunity must be strictly construed in favor of the Tribe. *Maryland Casualty Co. v. Citizens National Bank of West Hollywood, et al.,* 361 F. 2d 517 (5th Cir. 1966). We hold that, under 6 N.T.C. §616(b)(1), the NHA can waive its immunity from levy and execution by contract. The contract language that waives the NHA's immunity from levy and execution must be clear and express, and any ambiguity will not be construed as a waiver of immunity.

*Namekagon* interpreted, as a waiver, a contractual provision between the plaintiff and the defendant which stated: "[F]unds have been reserved by the Government and will be available to effect payment and performance by the Purchaser hereunder. . . ." If a similar contractual provision were present here, then under *Namekagon,* Dana would be permitted to levy and execute on the judgment. However, we are precluded from examining the contents of the 1972 contract between the parties in an attempt to find waiver, because it has been held that the 1972 contract was not a valid contract. *Dana v. Navajo Housing Authority,* 1 Nav. R. 327 (1978). Without a valid contract there can be no contractual waiver of immunity. We hold that there was no waiver of the NHA's immunity from levy and execution under the 1972 contract. The result is that Dana has a judgment for $91,242.14, which it cannot collect from NHA's property or funds secured under §623. Dana may be able to levy and execute on property and funds which fall outside the protection of §623.

The final issue is whether the defense of immunity from levy and execution can be raised for the first time on appeal. Sovereign immunity is a jurisdictional defense, which need not be raised at trial. *Edelman v. Jordan,* 415 U.S. 651 (1974). We hold that sovereign immunity is a jurisdictional defense, which may be raised for the first time on appeal. But to avoid waste of judicial and litigant resources, the defense of sovereign immunity should be asserted early.

The stay of execution granted by this Court to the Navajo Housing Authority is vacated. The order denying the Navajo Housing Authority's motion to quash the writ of execution is reversed. The petition for prohibition against further issuance of a writ of execution is granted so far as it complies with this Opinion.